# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. __23-60094-CR-MARTINEZ/BECERRA__

18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(d)(1)

FILED BY ___ALW___ D.C.

May 17, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**UNITED STATES OF AMERICA**

v.

**NICHOLAS CRAIG WOOZENCROFT,**

   **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Purchase of Firearms by Means of a False Statement
### (18 U.S.C. § 922(a)(6))

On or about November 12, 2021, in Broward County, in the Southern District of Florida, the defendant,

**NICHOLAS CRAIG WOOZENCROFT,**

in connection with the acquisition of firearms from a federally licensed firearm dealer, that is, Kangooru Investments LLC, did knowingly cause a false and fictitious written statement to be made to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the acquisition of said firearms, in that the defendant **NICHOLAS CRAIG WOOZENCROFT** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual buyer of the firearms, when in truth and in fact, and

as the defendant then and there well knew, he was purchasing the firearms for another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 2
### Purchase of Firearms by Means of a False Statement
### (18 U.S.C. § 922(a)(6))

On or about December 20, 2021, in Broward County, in the Southern District of Florida, the defendant,

**NICHOLAS CRAIG WOOZENCROFT,**

in connection with the acquisition of firearms from a federally licensed firearm dealer, that is, Kangooru Investments LLC, did knowingly cause a false and fictitious written statement to be made to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the acquisition of said firearms, in that the defendant **NICHOLAS CRAIG WOOZENCROFT** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual buyer of the firearms, when in truth and in fact, and as the defendant then and there well knew, he was purchasing the firearms for another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

### FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **NICHOLAS CRAIG WOOZENCROFT**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 922(a)(6), or any other criminal law of the United States, as alleged in this Indictment, the defendant, **NICHOLAS CRAIG WOOZENCROFT**, shall forfeit to the United States any firearm and

ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code Section 924(d)(1).

All pursuant to Title 18, United States Code, Section 924(d)(1) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

ZACHARY A. KELLER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                    CASE NO.: _____

v.

NICHOLAS CRAIG WOOZENCROFT,                 CERTIFICATE OF TRIAL ATTORNEY

_____/              **Superseding Case Information:**
         Defendant.                          New Defendant(s) (Yes or No) _____
**Court Division** (select one)              Number of New Defendants _____
  ☐ Miami    ☐ Key West   ☐ FTP             Total number of counts _____
  ☒ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __2-3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)              (Check only one)
   I   ☒ 0 to 5 days             ☐ Petty
   II  ☐ 6 to 10 days            ☐ Minor
   III ☐ 11 to 20 days           ☐ Misdemeanor
   IV  ☐ 21 to 60 days           ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of N/A
10. Defendant(s) in state custody as of N/A
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Zachary A. Keller
Assistant United States Attorney
Court ID No. A5502767